### George PAYNE, Plaintiff,

v.

### The HOUSING AUTHORITY OF The CITY OF EVANSVILLE and John Collier, individually and in his capacity as Executive Director, Defendant.

#### No. EV 92–178–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Nov. 24, 1992.

Samuel Morris, Agee Allen Godwin Morris & Laurenzi, Memphis, TN, for George Payne.

James P. Casey, Bowers Harrison Kent & Miller, Evansville, IN, for Housing Authority—Evansville and John Collier.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court on George Payne's Motion for a Preliminary Injunction.

As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has "no adequate remedy at law" and will suffer "irreparable harm" if preliminary relief is denied. *Lawson Prods [v. Avnet, Inc.],* 782 F.2d [1429,] at 1433 [ (7th Cir.1986) ]; *Roland Mach. [v. Dresser Indus.],* 749 F.2d [380,] at 386–87 [ (7th Cir.1984) ]. If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied. If, however, the moving party clears both thresholds, the court must then consider: (3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties. *Lawson Prod.,* 782 F.2d at 1433; *Roland Mach.,* 749 F.2d at 387–88.

The court, sitting as would a chancellor in equity, then "weighs" all four factors in deciding whether to grant the injunction, seeking at all times to "minimize the costs of being mistaken." *American Hosp. Supply [v. Hospital Prods. Ltd.],* 780 F.2d [589,] at 593 [7th Cir.1986) ].

*Abbott Labs v. Mead Johnson & Co.,* 971 F.2d 6, 11–12 (7th Cir.1992).

Payne alleges he was indefinitely suspended without a pre-deprivation hearing. It is agreed by the parties that: (1) Payne, on Monday 6 July 1992, notified his supervisor of his having been arrested in relation to a drug offense; (2) Payne's supervisor, on Wednesday 8 July 1992, called Payne off his job to discuss this matter and then notified him that he was suspended; (3) Payne had a property interest in his job. Payne does not contest the merits of the suspension, he only contests the procedure of suspending him without a pre-deprivation hearing.

Payne does have some likelihood of success on the merits.

An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." We have described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." This principle requires "some kind of a hearing" prior to the discharge of an employee who has a constitutionally protected property interest in his employment. As we pointed out last Term, this rule has been settled for some time now. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (citations and footnotes omitted, emphasis in original).

Despite Defendants' arguments that *Loudermill,* does not require due process for an indefinite suspension, the Supreme Court's statement "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest" convinces this Court that Payne has some likelihood of success on this point. Defendants also argue that Payne was given notice when Payne told his supervisor that he had been arrested and that Payne was given "some sort kind of a hearing" when he met with his supervisor on Wednesday. Though *Loudermill* is less than specific concerning the nature of the notice and hearing required, this Court is convinced that Payne has some likelihood of success on the merits on this point as well.

Payne has shown irreparable harm by alleging a violation of his due process rights under the 14th Amendment. In *Jessen v. Village of Lyndon Station,* 519 F.Supp. 1183 (W.D.Wisc.1981), Chief Judge Crabb held that the violation of a Constitutional right, including a due process violation of the 14th Amendment, constituted irreparable injury. This Court is persuaded by *Jessen* and also concludes that a due process violation of the 14th Amendment constitutes irreparable harm. Defendants' arguments that Payne may be compensated monetarily ignores the loss of his Constitutional rights which cannot be monetarily compensated.

The irreparable harm the Defendants will suffer if the injunction is granted is negligible. They will be able to re-employ Payne and obtain the services of his labor in return for payment. Comparatively, Payne's irreparable injury is of Constitutional magnitude. Though Payne has already been suspended and it is impossible to fully restore his right to a pre-deprivation hearing, reinstatement now is the most complete remedy Payne has available at this time. Further, the preliminary injunction issued today does not preclude the Defendants from taking an adverse employment action against Payne, so long as Payne is provided with due process as required by law. Therefore, in balancing the burdens on each party should it lose, Payne would suffer greater irreparable harm.

Defendants' arguments concerning the public interest to cause the Court to pause. Defendants argue that they do not wish to place a person accused of a drug crime in close proximity with the tenants of the Evansville Housing Authority. While this concern of the Defendants has merit, it does not persuade this Court that a preliminary injunction should not issue. Rather, it influences the Court to tailor its order to accommodate this concern. For this reason, the preliminary injunction issued today does not require that Payne be restored to his previous job, nor even that he be required to provide services for the Evansville Housing Authority at all. The Evansville Housing Authority is left with the discretion to assign Payne whatever job duties, or no job duties, for which he is reasonably suited and which it deems appropriate, so long as he is provided with full pay and benefits beginning the day of this Preliminary Injunction, and con-

tinuing until the termination of this action or until some adverse employment action is taken against Payne in accordance with Payne's Due Process rights as required by law. Thus, the Defendants may choose to adopt one of the suggestions of *Loudermill:* "in those situations where the employer perceives a significant hazard in keeping the employee on the job, it can avoid the problem by suspending with pay." *Loudermill,* 470 U.S. at 544–45, 105 S.Ct. at 1495.

CONCLUSION

Though the Court is not now making a final determination on Payne's Complaint, after this preliminary review and after weighing the required factors, the Court concludes that a preliminary injunction should issue.

### PRELIMINARY INJUNCTION

This matter having come before the Court on George Payne's Motion for a Preliminary Injunction, and the Court being duly advised and of the opinion that a preliminary injunction should issue, it is

ORDERED that the Defendants, the Housing Authority of Evansville and John Collier, reinstate George Payne with full pay and benefits and take no adverse employment actions against him during the pendency of this action unless they provide George Payne with all Due Process rights to which he is entitled under law.